**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-19-0000552**
**23-MAY-2024**
**07:51 AM**
**Dkt. 62 SO**

NO. CAAP-19-0000552

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

JAMES C. BORRSON, Claimant-Appellee-Appellant, v.
BRENDA B. WEEKS, Employer-Appellant-Appellee,
and
SPECIAL COMPENSATION FUND, Appellee-Appellee

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2017-041(WH); DCD NO. 9-16-00359)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Hiraoka and McCullen, JJ.)

Claimant-Appellee-Appellant James C. Borrson (**Borrson**) appeals from the July 3, 2019 Decision and Order (**July 3, 2019 Order**) issued by the Department of Labor and Industrial Relations Appeals Board (**LIRAB** or **Board**) in favor of Employer-Appellant-Appellee, Brenda B. Weeks (**Weeks**).[1]  The July 3, 2019 Order affirmed in part, and reversed in part, the March 8, 2017 Decision and Order (**March 8, 2017 Order**) issued by the Director of the Department of Labor and Industrial Relations (**Director**).

Borrson raises two points of error on appeal, contending that the LIRAB:  (1) clearly erred in entering

---

[1]     The July 3, 2019 Order includes a Dissenting/Concurring Opinion by Chair D.J. Vasconcellos.

Findings of Fact (**FOFs**) 4, 5, 6, 7, 12, 13, 15, 17, 18, 19, 20, and 21; and (2) erred in entering Conclusions of Law (**COLs**) 1-4.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Borrson's points of error as follows:

(1)   Borrson argues that the LIRAB erred when it found as follows:

> 4.   The Board credits Ms. Weeks's explanation of her own intention in including the handwritten language into the 2015 Yard Maintenance Agreement.
>
> 5.   The Board finds that in 2015, when Ms. Weeks felt as though the Tenants had taken advantage of her, Ms. Weeks added a handwritten change into the Yard Maintenance Agreement, limiting any work performed by the Tenants to no more than 10 hours per month.
>
> 6.   The Board finds Claimant's testimony about his yard maintenance work for other tenants, that he always received Ms. Weeks's approval for projects, and his assistance to Ms. Weeks to be internally inconsistent, exaggerated, and unreliable.
>
> 7.   The Board does not credit Claimant's testimony regarding the scope of the work he performed or that he always received Ms. Weeks's prior approval.  His emails do not document her approval.  Instead, they show that he proceeded as he independently saw fit.

These FOFs state credibility determinations and reflect the consideration and weight that the LIRAB gave to certain evidence.  They are supported by evidence in the record.  We decline to substitute our judgment for that of the LIRAB, as "credibility of witnesses and the weight to be given their testimony are within the province of the trier of fact and, generally, will not be disturbed on appeal."  Yadao v. Dep't of Land and Nat. Res., 137 Hawaiʻi 162, 172, 366 P.3d 1041, 1051 (App. 2016) (quoting Tamashiro v. Control Specialist, Inc., 97 Hawaiʻi 86, 92, 34 P.3d 16, 22 (2001)); see also Igawa v. Koa

House Rest., 97 Hawaiʻi 402, 410, 38 P.3d 570, 578 (2001) (acknowledging that "courts decline to consider the weight of the evidence to ascertain whether it weighs in favor of the administrative findings, or to review the agency's findings of fact by passing upon the credibility of witnesses or conflicts in testimony").  We conclude that FOFs 4-7 are not clearly erroneous.

Borrson argues that the LIRAB clearly erred in FOF 12, when it stated:

> 12.  The Board credits Ms. Weeks's testimony that Claimant did not have her permission to perform work on the roof on September 23, 2015.  There is no evidence - not even Claimant's own testimony - that it was done at her request or that he received her prior authorization.

Although Borrson does not point to where in the record there is evidence contrary to the LIRAB's finding in FOF 12, we nevertheless conclude that the LIRAB plainly erred in the second sentence, as Borrson testified as follows:

> Q.  Do you recall at one time Ms. Weeks claimed that she did not know you were working on the roof?
> A.  Yes.
> Q.  Is there any way she could have not known that you were working on the roof?
> A.  She had to know.  She told me to do it.

On remand, the LIRAB remains free to credit the testimony of Weeks and not Borrson, or vice versa.  However, in light of its error in the second part of FOF 12, we vacate all of FOF 12 for the LIRAB's further consideration.

Borrson argues that the LIRAB clearly erred in FOFs 13, 15, 17, and 18, which state:

> 13.  The Board further finds that while Ms. Weeks may have informed Claimant of projects she wanted him to do and had input as to where and what she wished to have done, she did not have the absolute power to dictate the means and methods by which the work was to be accomplished.  Rather, their history demonstrates that upon Ms. Weeks's request for

his help with a project, Claimant would dictate his own means and methods to perform the work by determining and obtaining the necessary materials and working on the requested project.

. . . .

15. The Board finds that the activity of performing work on the projects for which Ms. Weeks requested Claimant's help were not integral to her business of renting homes.

. . . .

17. Upon request, Claimant performed specific repair and maintenance work for Ms. Weeks, for which the Tenants received a rent reduction as payment. The Board finds that Claimant was in the business of repair and maintenance work and performed work for Ms. Weeks in furtherance of such business.

18. Having balanced the factors regarding the general relationship that Claimant had with regard to the work performed, the Board finds that the activity of performing repair or maintenance work was not an integral part of Ms. Weeks's rental business, that Claimant was in a business of his own, and that the work Claimant performed was in his interest over that of Ms. Weeks.

These FOFs reflect the LIRAB's weighing of the evidence before it. Borrson does not point to any evidence in the record to the contrary, and his challenge to these FOFs is waived. See Hawaiʻi Rules of Appellate Procedure Rule 28(b)(7). Moreover, based upon our review of the record, we are not left with a firm and definite conviction that a mistake has been made in FOFs 13, 15, 17 and 18 and/or that they are clearly erroneous. See Duque v. Hilton Hawaiian Vill., 105 Hawaiʻi 433, 437-38, 98 P.3d 640, 644-45 (2004) (discussing the clearly erroneous standard of review).

Borrson further argues that the LIRAB erred in FOF 19 when it found:

19. Applying the preponderance of the evidence standard, the Board finds that Ms. Weeks met her burden of establishing, under the control test and the relative nature of the work test, that coverage for Claimant's injury is not proper.

4

Borrson argues that LIRAB erred in applying the preponderance of the evidence standard, rather than the substantial evidence standard here.  This argument has merit.

Hawaii Revised Statutes (**HRS**) § 386-73.5 (2015) provides:

> **§ 386-73.5  Proceedings to determine employment and coverage.**  The director of labor and industrial relations shall have original jurisdiction over all controversies and disputes over employment and coverage under this chapter. <u>Except in cases where services are specifically and expressly excluded from "employment" under section 386-1, it shall be presumed that coverage applies unless the party seeking exclusion is able to establish under both the control test and the relative nature of the work test that coverage is not appropriate under this chapter.</u>  There shall be a right of appeal from decisions of the director to the appellate board and thence to the intermediate appellate court, subject to chapter 602.

(Emphasis added).

HRS § 386-85 (2015) provides, in relevant part:

> **§ 386-85  Presumptions.**  In any proceeding for the enforcement of a claim for compensation under this chapter it shall be presumed, in the absence of substantial evidence to the contrary:
> (1)  That the claim is for a covered work injury[.]

In light of the clear mandate of this provision that compensability is presumed "under this chapter" absent substantial evidence to the contrary, and the broad remedial purpose of Chapter 386, we conclude that the substantial evidence standard applies to the analysis under HRS § 386-73.5.  The LIRAB erred in applying a preponderance of the evidence standard in FOF 19.  Accordingly, FOF 19 must be vacated, and on remand, the LIRAB must apply the correct standard to the evidence in this case.

Lastly, Borrson argues that the LIRAB erred when it found:

20.  Given the circumstances of this case, it was reasonable for Ms. Weeks to present the issue of Claimant's employment status to the Director for determination.

21.  The Board finds that Claimant has not met his burden of proving that Ms. Weeks proceeded without reasonable grounds.

Borrson contends that the testimony by Weeks was "inconsistent" and that she "presented no law to support her argument."  Borrson submits that Weeks "cannot be said to have proceeded with reasonable ground" under HRS § 386-93(a) (2015).[2]  This argument is without merit.  In light of the LIRAB's unchallenged and/or undisturbed FOFs, as well as the entirety of the record, FOFs 20 and 21 – stating in effect that it was not unreasonable for Weeks to deny that she was Borrson's employer – were not clearly erroneous.

(2)  Borrson argues that the LIRAB erred when it concluded as follows:

1.  The Board concludes that Brenda B. Weeks was not Claimant's employer on September 23, 2015.

2.  The Board concludes that Claimant was not an employee of Brenda B. Weeks on September 23, 2015.

3.  Having concluded that Ms. Weeks was not Claimant's employer and that Claimant was not her employee on September 23, 2015, the Board does not reach the issue of whether Claimant sustained a personal injury involving his left arm on September 23, 2015, arising out of and in the course of employment.

In light of our conclusion that the LIRAB applied the wrong standard in FOF 19, we conclude that COLs 1-3 must be vacated.  The LIRAB erred when it determined, using the

---

[2]    HRS § 386-93(a) provides:

**§ 386-93  Costs.**  (a) If the director of labor and industrial relations, appellate board, or any court finds that proceedings under this chapter have been brought, prosecuted, or defended without reasonable ground, the whole costs of the proceedings including reasonable attorney's fees may be assessed against the party who has brought, prosecuted, or defended the proceedings.

preponderance of the evidence standard, that Borrson was not an employee under the control test and the relative nature of the work test. The LIRAB must re-assess its conclusions after applying the substantial evidence standard to the issue of whether Weeks overcame the presumption of compensability, including the presumption that Borrson was acting as her employee when he was injured.

Borrson further argues that the LIRAB erred when it concluded:

> 4. The Board concludes that Brenda B. Weeks is not liable for Claimant's fees and costs pursuant to Section 386-93(a), HRS.

In light of our conclusion that the LIRAB did not err in FOFs 20 and 21, we conclude that the LIRAB did not err in entering COL 4.

For these reasons, the LIRAB's July 3, 2019 Order is affirmed in part and vacated in part. This case is remanded to the LIRAB for further proceedings consistent with this Summary Disposition Order.

DATED: Honolulu, Hawaiʻi, May 23, 2024.

On the briefs:                          /s/ Katherine G. Leonard
                                        Acting Chief Judge
Wayne H. Mukaida,
for Claimant-Appellee-Appellant.        /s/ Keith K. Hiraoka
                                        Associate Judge
W. Anthony Aguinaldo,
for Employer-Appellant-Appellee.        /s/ Sonja M.P. McCullen
                                        Associate Judge